**IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**FELICIA A. WADE**                                                                                          **PLAINTIFF**

**v.**                                              **3:07CV00191-WRW**

**WESTERN SIZZLIN and MONTE MAY**                                             **DEFENDANTS**

**ORDER**

Pending is Defendants' Motion for Summary Judgment (Doc. No. 25). Plaintiff has responded.[1]

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[2] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[3]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[4] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[5] This court must view the facts in the

---

[1] Doc. No. 31.

[2] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[4] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[5] *Id.* at 728.

light most favorable to the party opposing the motion.[6]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[7]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[8]

## II.   DISCUSSION

Plaintiff brings this cause of action under Title VII of the Civil Rights Act of 1964 as amended.[9]  In her Complaint, Plaintiff alleges the following: (1) wrongful termination; (2) her hours were cut after reporting things to the owner; (3) Defendant hired a white female and gave her more hours than Defendant gave Plaintiff; and (4) Plaintiff "was called out" and "touched" by a "Hispanic female" coworker, and management did nothing.[10]

### A.   Monty May

In the caption of the Title VII Complaint, Plaintiff lists "Monty May (owner)" as a Defendant.  However, Title VII "does not provide for an action against an individual

---

[6]*Id.* at 727-28.

[7]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[8]*Anderson*, 477 U.S. at 248.

[9]42 U.S.C. § 1981, 1982, and 2000e *et seq.*

[10]Doc. No. 2.

supervisor."[11] Accordingly, to the extent that Plaintiff is suing Mr. May in his individual capacity, Defendant's Motion for Summary Judgment is GRANTED. Any claims against Mr. May in his official capacity would be subsumed by Western Sizzlin's liability -- if any there be.

### B. Remaining Claims

Based on the current record -- which lacks discovery, deposition testimony, *etc.* -- questions of material fact remain in dispute. For example, Plaintiff claims she was told to leave work after having a disagreement with a white female.[12] On the other hand, Defendant asserts Plaintiff "became angry about her job assignment and began shouting at General Manager, Ronald Guthrie" and walked off the job after being told that if she left, "she would be quitting her job."[13] It seems to me that discovery might be beneficial in clarifying the facts of this case. Accordingly, Defendant's Motion for Summary Judgment is DENIED without prejudice.

### CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion for Summary Judgment (Doc. No. 26) is GRANTED in part and DENIED in part, without prejudice. Defendant May is DISMISSED.

IT IS SO ORDERED this 5th day of November, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[11] *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008).

[12] Doc. No. 31.

[13] Doc. No. 28.